# United States District Court
# Central District of California

| | |
|---|---|
| IN RE CITY OF SAN BERNARDINO, Debtor; <br><br> ROVINKSI RENTER; HECTOR BRIONES; ROSALAND HARDING, <br><br> Appellants, <br><br> v. <br><br> CITY OF SAN BERNARDINO, a municipal corporation, <br><br> Appellee. | Case No. 5:17-cv-345-ODW <br> (*case consolidated with* 5:17-cv-346-ODW) <br><br> Bankruptcy Case No. 6:12-bk-28006 <br><br> **ORDER GRANTING APPELLEE'S MOTION TO DISMISS APPEAL [34]** |

## I. INTRODUCTION

On February 17, 2017, Appellant Rovinski Renter noticed her appeal of the Order Confirming Third Amended Plan for the Adjustments of Debts of the City of San Bernardino, California, for Bankruptcy Court case number 6:12-bk-28006 MJ. (Not. of Appeal, ECF No. 1.) On August 10, 2017, the Court consolidated this case with another appeal where Appellants Hector Briones and Roseland Harding were challenging the same Bankruptcy Court case. (ECF No. 33.) On August 18, 2017,

Appellee City of San Bernardino ("San Bernardino") moved to dismiss Appellants' Appeal. (Mot., ECF No. 34.) For reasons stated below, the Court **GRANTS** San Bernardino's Motion to Dismiss.

## II. FACTUAL BACKGROUND

On August 1, 2012, San Bernardino filed its chapter 9 bankruptcy case in the United States Bankruptcy Court for the Central District of California. (Appellee's App. of Excerpts of R. ("AER I") at 3, ECF No. 15.) Appellants Briones, Harding, and Renter are prepetition unsecured creditors who filed proofs of claim in San Bernardino's bankruptcy case. (Req. for Judicial Notice ("RJN"), Exs. 2, 3, ECF No. 38.) On July 29, 2016, San Bernardino filed its plan of adjustment of debts (the "Plan") with the Bankruptcy Court and began soliciting votes of creditors to accept the Plan. (Appellee's App. of Excerpts of R. ("AER II") at 2, ECF No. 37.) All classes of impaired claims voted to accept the Plan. (*Id.*) For the class of General Unsecured Claims, which includes Appellants' claims, 95% of the votes accepted the Plan. (*Id.*)

San Bernardino then served all creditors with a notice of the date of the confirmation hearing of the Plan and the deadline fixed by the Bankruptcy Court for filing objections to the confirmation of the Plan. (*Id.* at 139.) The notice explained that failure to object to the confirmation of the Plan filed on or before the deadline "may be deemed by the Bankruptcy Court to be (i) a waiver of objections to confirmation of the Plan and/or (ii) consent to confirmation of the Plan." (*Id.*) The Bankruptcy Court held plan confirmation hearings on October 14, November 15, and December 6, 2016. (*Id.* at 203–04.) The December 6 hearing concluded with the Bankruptcy Court stating it would confirm the Plan and ordering San Bernardino to draft a confirmation of the order by January 3, 2017. (*Id.* at 199.) The Bankruptcy Court set a hearing for January 27, 2017 to consider any objections to the proposed form of the confirmation order. (*Id.*)

| | |
|---|---|
| 1 | San Bernardino lodged its proposed confirmation order on January 3, 2017 and |
| 2 | gave notice of the lodging, the deadline to object, and of the January 27, 2017 hearing |
| 3 | date. (*Id.* at 266.) San Bernardino now asserts that "Appellants did not file any |
| 4 | objections to the proposed form of the confirmation order or appear at the January 27 |
| 5 | hearing to object." (Mot. 10.) The Bankruptcy Court entered the confirmation order |
| 6 | (the "Confirmation Order") on February 7, 2017, and the Plan was implemented on |
| 7 | June 15, 2017. (Decl. of Brent Mason ("Mason Decl.") ¶¶ 7–9, ECF No. 35.) |

### III. LEGAL STANDARD

District courts have appellate jurisdiction over final judgments, orders, and decrees of bankruptcy courts. 28 U.S.C. § 158(a)(1). "'When reviewing a bankruptcy court's decision..., a district court functions as [an] appellate court and applies the standard of review generally applied in federal court appeals.'" *In re Crystal Properties Ltd.*, 268 F.3d 743, 755 (9th Cir. 2001) (quoting *In re Webb*, 954 F.2d 1102, 1103–04 (5th Cir. 1992)). The district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bank. P. 8013.

### IV. DISCUSSION

**A. Request for Judicial Notice**

San Bernardino requests the Court take judicial notice of six documents: (1) Memorandum of Decision re: Issuance of Third Party Injunction in Conjunction with Confirmation of Chapter 9 Plan; (2) proof of claim filed by Appellant Rovinski Renter; (3) proof of claim filed by Appellants Hector Briones and Rosaland Harding; (4) the content of the "Twelfth Joint Status Report" filed in U.S. District Court Case No. 2:10-cv-07571-CBM-OP; (5) the content of the "Thirteenth Joint Status Report" filed in U.S. District Court Case No. 2:10-cv-07571-CBM-OP; and (6) the content of the "Fourteenth Joint Status Report" filed in U.S. District Court Case No. 2:10-cv-07571-CBM-OP. (RJN 2–3.)

Under Rule 201, a court may judicially notice a fact that is not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Judicial notice of a filing before another court is limited to recognition that the filing exists—the very fact of the filing and its contents—which is not subject to a reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). But the disputed facts contained within the filing and the factual determinations by a judge in another case "ordinarily are not admissible for their truth in another case through judicial notice." *Wyatt v. Terhune*, 315 F.3d 1108, 1114 n.5 (9th Cir. 2003); Lee, 250 F.3d at 690.

The Court finds that San Bernardino's requested documents are appropriate for judicial notice; especially given that they are not contested matters and Appellants do not oppose San Bernardino's request. In light of the foregoing legal standards, the Court takes judicial notice as far as it considers each document in its reasoning as set forth below.

**B.     Failure to Object: Lack of Standing and Waiver**

San Bernardino argues that Appellants' appeal should be dismissed because Appellants waived objections to the Plan and Confirmation Order and, therefore, lack standing to appeal the Confirmation Order. (Mot. 14.) Appellants contend that they maintain standing to appeal, because the proper standard for appellate standing does not require an objection in the Bankruptcy Court. (Opp'n 10–11, ECF No. 40.)

Appellant standing for a bankruptcy order or decision only exists where the "person aggrieved" test has been met. *Fondiller v. Robertson (Matter of Fondiller)*, 707 F.2d 441, 442 (9th Cir. 1983). That is, "[o]nly persons who are directly and adversely affected peculiarly by an order of the bankruptcy court have been held to have standing to appeal that order." *Id.* Furthermore, "attendance and objection *should usually* be prerequisites to fulfilling the 'person aggrieved' standard"—except

for circumstances where "the objecting party did not receive proper notice of the proceedings below and of his opportunity to object to the action proposed to be taken." *Brady v. Andrew* (*In re Commercial W. Fin. Corp.*), 761 F.2d 1329, 1335 (9th Cir. 1985) (emphasis added).[1] Furthermore, 11 U.S.C. § 944 provides that "[t]he provisions of a confirmed plan bind the debtor and any creditor, whether or not. . . such creditor has accepted the plan."

Here, Appellants Briones, Harding, and Renter failed to object to the Plan or the confirmation of the Plan in the Bankruptcy Court. Appellants contend that they "*affirmatively* showed their non-consent to the Bankruptcy Court deciding the merits of their claim." (Opp'n 8.) Appellants claim to have done so by: (1) Appellants Briones and Harding having sought a modification of the bankruptcy court's stay; (2) Appellants having voted in opposition to the bankruptcy discharge plan; and (3) Appellant Renter having submitted written objections to the proposed discharge plan.[2] (*Id.*) San Bernardino has objected to the notice of motion and motion for relief from the automatic stay, which Briones and Harding filed in the Bankruptcy Court in December 2012, on the grounds that it was not designated in Appellant's Record of Appeal. (Obj. 3–4, ECF No. 44.)[3] The Court sustains San Bernardino's objection and therefore declines to consider this filing in its analysis.[4] Furthermore, Appellants fail

---

[1] Appellants argue that the use of the language "should usually" from *Brady* implies that standing and objection are not mandatory. The Court disagrees. The Court finds that the Ninth Circuit's use of the word "prerequisites" implies that attendance and objection are mandatory, except where the objecting party has not received proper notice.

[2] Appellants have cited to the objection as "Docket entry 1925 in 6:12-bk-28006-MJ" but have failed to designate that document as a part of the record in *this case* and have not requested the Court take judicial notice of the objection.

[3] The Court also **SUSTAINS** Appellee's remaining objections Cook's and Casselman's declarations. (*See* Obj.; *see also* Decl. of Donald W. Cook, ECF No. 40; Decl of Gary S. Casselman, ECF No. 40.)

[4] Even if the Court were to consider Appellants Briones and Harding's request to modify the stay of their civil case on appeal, such request would be not sufficient to constitute a proper objection for the purpose of standing. The request for relief was made well before the Plan was even filed and it cannot be inferred that request for stay modification is sufficient to create standing to appeal the Plan or confirmation of the Plan.

to demonstrate how objections and a general display of "non-consent" toward the *discharge plan* establish standing to appeal the Confirmation Order of the Plan.

Appellants also argue that Appellant Renter's joinder of another litigation creditor's objection of the Plan, which was later withdrawn, is sufficient to create standing under *Brady*. (Opp'n 11.) Appellants do not cite any authority to support this assertion. (*See generally id.*) The Court finds Appellant Renter's joinder of another creditor's withdrawn opposition is insufficient to create standing to appeal. This finding is further supported by the fact that Renter did not file her own written objections to the Plan, despite the Bankruptcy Court's alerting Renter's counsel that Renter's joinder might not be sufficient, given that the objection had been withdrawn. (AER II at 283–88.)

The proposed form of the Confirmation Order, lodged by San Bernardino to the Bankruptcy Court on January 3, 2017, included the following provision: "all creditors that failed to file objections to confirmation of the Plan are hereby deemed to have waived any objections to the terms of the Plan, confirmation of the Plan, and the terms of this Confirmation order." (AER II at 243, ¶ 21.2.) San Bernardino "gave notice of the lodging, notice of the Bankruptcy Court fixed deadline to object to the terms of the draft form of the confirmation order, and of the January 27, 2017 hearing to consider objections to the draft form of confirmation order." (*Id.* at 266.) Appellants had sufficient notice and opportunity to object to the Plan and the proposed Confirmation Order but failed to do so. Appellants received notice that their failure to object may be deemed as waiver of objections to the terms of the Plan—yet failed to submit written objections or attend the January 27, 2017 hearing. (*Id.*) Because the final Confirmation Order included the waiver provision, and the Confirmation Order is binding on all creditors, Appellants lack of objection is deemed as waiver. *See* 11 U.S.C. § 944.

Accordingly, the Court finds that Appellants waived any objections to the Plan or to the confirmation of the plan and, therefore, lack standing to appeal.

## C. Equitable Mootness

"Equitable mootness occurs when a comprehensive change of circumstances has occurred so as to render it inequitable for this court to consider the merits of the appeal." *In re Thorpe Insulation Co.*, 677 F.3d 869, 880 (9th Cir. 2012) (internal quotations and citations omitted). The Ninth Circuit has implemented the following test for determining whether an appeal is equitably moot:

> We will look first at whether a stay was sought, for absent that a party has not fully pursued its rights. If a stay was sought and not gained, we then will look to whether substantial consummation of the plan has occurred. Next, we will look to the effect a remedy may have on third parties not before the court. Finally, we will look at whether the bankruptcy court can fashion effective and equitable relief without completely knocking the props out from under the plan and thereby creating an uncontrollable situation for the bankruptcy court.

*Id.* Here, Appellants did not seek a stay. (Mot. 25.) As San Bernardino notes, Appellants filed their appeal of the Plan in February 2017. (*Id.*; ECF Nos. 1, 23.) The Plan, however, did not go into effect until June 15, 2017. (Mason Decl. ¶¶ 7–9.) Appellants could have sought a stay prior to the Plan going into effect, but failed to do so. Therefore, Appellants have "not fully pursued [their] rights," and their appeal is equitable moot. *See In re Thorpe Insulation Co.*, 677 F.3d at 880.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Appellee's Motion to Dismiss Appeal. (ECF No. 34). The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

January 4, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**